UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                    2:04-cr-106-FtM-29SPC

AMANDALO D. MEANS
_____

**OPINION AND ORDER**

     This matter comes before the Court on a limited remand from the Eleventh Circuit Court of Appeals to make a factual determination of excusable neglect or good cause regarding defendant's untimely Notice of Appeal (Doc. #46). (See Doc. #48.) After an initial review, the Court entered an Order (Doc.#49) directing defendant to file an Affidavit and/or supporting documents demonstrating excusable neglect or good cause. On July 2, 2008, defendant filed a Verified Response (Doc. #50).

     On March 14, 2008, the Court entered an Opinion and Order (Doc. #44) granting defendant's Motion Under 18 U.S.C. §3582(c)(2) to Modify or Reduce Term of Imprisonment Pursuant to U.S.S.G. §1B1.10(c), Amendment 706, Effective March 3, 2008 (Doc. #43) and reducing defendant's sentence to 87 months imprisonment. The Amended Judgment (Doc. #45) was entered on March 26, 2008. Under FED. R. APP. P. 4(b)(1)(A), the Notice of Appeal must have been filed within 10 days of the March 26, 2008 Amended Judgment (Doc. #45), or by April 9, 2008. Defendant's Notice of Appeal (Doc. #46) was filed with the Court on April 16, 2008, and the Certificate of

Service and envelope reflect a mailing date of April 12, 2008. The Eleventh Circuit Court of Appeals found the Notice of Appeal was untimely but remanded to determine whether the delaying filing was the result of good cause or excusable neglect.

Under FED. R. APP. P. 4(b)(4), the Court may, upon a finding of excusable neglect or good cause, extend the time to file a notice of appeal for a period not exceed 30 after the expiration of the time prescribed in FED. R. APP. P. 4(b)(1)(A). "First, the district court should examine the pre-mailing delay to see if there is something akin to "excusable neglect" or "good cause" which excuses the delay. Second, the district court should determine when the document was mailed and whether, in the ordinary course of events, the clerk would have received the letter by the applicable filing deadline." Wright v. Deyton, 757 F.2d 1253, 1255-56 (11th Cir. 1985).

Defendant argues that when he did not receive a copy of the Amended Judgment by April 10, 2008, he made an inquiry into his docket sheet and discovered its existence. Defendant states that he immediately prepared the Notice of appeal and caused it to be mailed on April 12, 2008. The docket reveals that a copy of the Amended Judgment was mailed to defendant on March 26, 2008, and there is nothing on the record to contradict defendant's statement that the Amended Judgment was not received until after April 10, 2008, or not received at all. As defendant has no control over the prison mail system or the ability to file directly with the Clerk

of Court, see Garvey v. Vaughn, 993 F.2d 776, 780-81 (11th Cir. 1993), the Court finds that defendant has demonstrated that good cause or excusable neglect existed for the untimely filing of the Notice of Appeal.

Accordingly, it is now

**ORDERED**:

The Clerk shall return the record as supplemented with a certified copy of this Opinion and Order to the Eleventh Circuit Court of Appeals for further proceedings.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of July, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
AUSA
Counsel of Record